IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE FORD | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-30 |
| WARDEN E. SELLS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, David Wayne Ford, an inmate formerly confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Edward Sells, Correctional Officer IV Matthew J. Davidson, Captain Cynthia G. Ivins, Major Carlos A. Applewhite, Assistant Warden Heather M. Glover, Warden Sergio J. Perez, Jr., Warden B. Polk, and Major B. Marshall.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

This complaint was transferred in from the Southern District of Texas on March 2, 2022 (doc. # 19). Plaintiff filed an Amended Complaint on March 24, 2022 (doc. # 22). On March 25, 2022, the undersigned entered an Order to Replead (doc. # 23), to which Plaintiff responded on April 8, 2022 (doc. # 28). The Defendants were ordered to Answer on October 19, 2022 (doc. # 34). A copy of the Order to Answer sent to Plaintiff was returned on November 2, 2022, with the notation "unable to forward" (doc. # 36). An independent review of the website for the Texas Department of Criminal Justice shows that Plaintiff is no longer in their database, and appears to have been

released.¹  Plaintiff, however, has failed to update the court with his current address.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Plaintiff has failed to update this court with his current address, preventing the court from communicating with him.  Plaintiff has failed to diligently prosecute this case.

## Recommendation

This complaint should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United*

---

¹https://inmate.tdcj.texas.gov/InmateSearch/search.action

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of November, 2022.

                                                   _____
                                                   Zack Hawthorn
                                                   United States Magistrate Judge